UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No. ______________________

ANGELA BRANIGAN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CRUMBL FRANCHISING, LLC,

Defendant.
______________________________/

**DEFENDANT CRUMBL FRANCHISING, LLC'S NOTICE OF REMOVAL**

Defendant Crumbl Franchising, LLC ("Crumbl"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, removes this action from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida to the Fort Pierce Division of the United States District Court for the Southern District of Florida, and in support thereof, states:

**BASIS FOR REMOVAL**

1. Crumbl removes this action because Plaintiff's complaint alleges a federal claim within this Court's original federal question jurisdiction and parallel Florida state law claims within this Court's supplemental jurisdiction.

**PROCEDURAL REQUIREMENTS**

2. On July 16, 2025, Plaintiff Angela Branigan ("Plaintiff") filed a Complaint for Damages and Demand for Jury Trial ("Complaint") in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, in the action styled as *Angela Branigan v. Crumbl Franchising, LLC*, Case No. 562025CA001405AXXXHC (the "State Court Action"), alleging



4925-8980-7968.1

violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

3. On July 22, 2025, Crumbl received the Complaint and waived formal service in accordance with Fed. R. Civ. P. 4(d). Therefore, this Notice of Removal is timely filed within thirty (30) days of Crumbl's receipt of the complaint.

4. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of all process, pleadings, orders, and other papers or exhibits served on Crumbl or filed in the State Court Action as of the date of removal.

5. The Fort Pierce Division of the United States District Court for the Southern District of Florida embraces the county in which the State Court Action is pending and, thus, this Court is the proper forum for removal pursuant to 28 U.S.C. § 89(c) and 1441(a).

6. Crumbl is the only defendant named in the State Court Action.

7. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties and a copy also is being filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.

8. A filing fee of $400.00 is being tendered to the Clerk of the United States District Court for the Southern District of Florida.

## GROUNDS FOR REMOVAL

## FEDERAL QUESTION JURISDICTION

9. This Court has removal jurisdiction over this action because the Complaint alleges a federal claim that arises under federal law and therefore is within this Court's original federal question jurisdiction under 28 U.S.C. § 1331.

10. A claim arises under federal law if: (1) federal law creates the cause of action; or (2) the right to relief necessarily depends on resolution of a substantial question of federal law. *See Gunn v. Minton*, 568 U.S. 251, 256-57 (2013).

11. A claim that pleads violation of both state and federal law is within this Court's original federal question jurisdiction. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194-95 (2d Cir. 2005).

12. Courts in this district and the Eleventh Circuit have found removal of TCPA claims proper based on federal question jurisdiction. *See*, *e.g.*, *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, because the Complaint alleges a violation of the TCPA. It is established that federal courts have subject matter jurisdiction over TCPA claims."); *Pedraza v. Monarch Recovery Mgmt., Inc.*, No. 2:13-CV-892-FTM-38, 2014 WL 545370, at *2 (M.D. Fla. Feb. 11, 2014) ("This Court has subject matter jurisdiction in this matter because there was a federal question at the time of removal due to the count brought pursuant to the TCPA."); *Speidel v. Am. Honda Fin. Corp.*, No. 2:14-CV-19-FTM-38CM, 2014 WL 820703, at *2 (M.D. Fla. Mar. 3, 2014) ("[T]he Court has federal question subject matter jurisdiction over Plaintiffs claims arising under the TCPA[.]'") (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)); *Soto Leigue v. Everglades Coll., Inc.*, No. 22-CV-22307, 2022 WL 11770137, at *1 (S.D. Fla. Oct. 20, 2022) (considering motion to dismiss on removed TCPA and FTSA claims).

13. Plaintiff alleges a TCPA claim here, asserting that Crumbl, "initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement text messages into Florida in violation of the TCPA and FTSA," and that Crumbl "has violated 47 C.F.R. § 64.1200(d)." Complaint ¶¶ 5, 45. Thus, removal is proper.

## SUPPLEMENTAL JURISDICTION

14. Pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction over the remaining FTSA state law claim because the claims is so related to the TCPA claim within the original jurisdiction of the Court that it forms part of the same case or controversy under Article III of the United States Constitution. *See Speidel*, 2014 WL 820703, at *2 (noting that the court "can exercise supplemental jurisdiction over the accompanying state law claims" where they are "part of the same case or controversy").

15. All of the causes of action in the Complaint are premised upon Crumbl allegedly sending unsolicited text messages to Plaintiff to promote its goods and services. Indeed, Plaintiff relies on the very same factual allegations within the Complaint to assert both her TCPA and FTSA claims. *See* Complaint, generally.

16. None of the discretionary exceptions to this Court's exercise of supplemental jurisdiction enumerated in 28 U.S.C. § 1367(c) are present.

17. Plaintiff's FTSA claim does not raise novel or complex issues of state law. *See* 28 U.S.C. §1367(c)(1).

18. Plaintiff's FTSA claim does not substantially predominate over the claim over which this Court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(2).

19. As of the filing of this Notice of Removal, the Court has not dismissed any claims over which it has original jurisdiction. *See id.* § 1367(c)(3).

20. There are no "exceptional circumstances" or "compelling reasons" to decline supplemental jurisdiction. *See id.* § 1367(c)(4).

**CONCLUSION**

**WHEREFORE**, Defendant Crumbl Franchising, LLC respectfully submits this Notice of Removal and requests that the Court grant it any other and further relief as the Court deems just and proper.

DATED: August 21, 2025

Respectfully Submitted,

*/s/ Crystal Carswell*

Crystal Carswell, Florida Bar No. 108882
FOLEY & LARDNER LLP
2 S. Biscayne Blvd., Suite 1900
Miami, FL 33131
Tel: 305.482.8437
ccarswell@foley.com

*Attorneys for Defendanpt*
*Crumbl Franchising, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2025, a true and correct copy of the foregoing was served via e-mail to all counsel of record included on the Service List of this action in state court:

**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

Attorneys for Plaintiff

**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

Lead Counsel, Attorneys for Plaintiff

*/s/ Crystal Carswell*
Crystal Carswell, Florida Bar No. 108882
FOLEY & LARDNER LLP
2 S. Biscayne Blvd., Suite 1900
Miami, FL 33131
Tel: 305.482.8437
ccarswell@foley.com

*Attorneys for Defendant*
*Crumbl Franchising, LLC*